IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY HELMADOLLAR<br>　*Plaintiff* | §<br>§<br>§ | C. A. No. 15-2561 |
| vs. | §<br>§ | |
| JNJ EXPRESS, INC. AND<br>DEBRA SALAZAR<br>　*Defendants* | §<br>§<br>§<br>§ | JURY DEMANDED |

### INDEX OF MATTERS BEING FILED WITH DEFENDANT'S NOTICE OF REMOVAL

Exhibit A-1:   Plaintiff's Original Petition

Exhibit A-2:   Service of process on JNJ Express, Inc.

Exhibit A-3:   State court docket sheet and case details

Exhibit A-4:   State court Civil Case Information Sheet

Exhibit A-5:   List of all counsel of record, including addresses, telephone numbers and parties represented.



EXHIBIT A

Received and E-Filed for Record
9/4/2015 3:31:44 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-08-07959

| | | |
|---|---|---|
| KELLY HELMADOLLAR | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | Montgomery County - 410th Judicial District Court |
| JNJ EXPRESS, INC. AND DEBRA SALAZAR | § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE**

COMES NOW, KELLY HELMADOLLAR, Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, JNJ EXPRESS, INC. and DEBRA SALAZAR (collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

**I. DISCOVERY CONTROL PLAN**

1.1     Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

**II. CLAIM FOR RELIEF**

2.1     Plaintiff seeks monetary relief over $200,000.00 but no more than $1,000,000.00.

**III. PARTIES**

3.1     Kelly Helmadollar ("Plaintiff Helmadollar") is a resident of Texas.

3.2     JNJ EXPRES, INC. (hereinafter referred to as "Defendant JNJ Express") Defendant, JNJ Express, is a foreign limited liability company authorized to do business in the State of Texas. This action arises out of a wreck involving a truck driver who was driving on behalf of JNJ Express, a motor carrier with its principal office in Tennessee; therefore, service upon Defendant JNJ Express may be made pursuant to Texas Civil Practice and Remedies Code

EXHIBIT A-1

§§ 17.061 - 17.069. Process should be served on Defendant JNJ Express by serving Tryon D. Lewis, Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas, 78701-2483, to be forwarded to the last known address for Defendant JNJ Express' registered agent for service of process: Gary E. Veazey Attorney, 780 Ridge Lake Blvd., Ste. 202, Memphis, TN 38120 or wherever he may be found.

3.3    Debra Salazar (hereinafter referred to as "Defendant Salazar") is an individual and who can be served with process pursuant to TRCP 106(a) by delivering to the defendant in person, a true copy of the citation and petition at his place of residence at 8862 Cattail CV, Southaven, MS 38671 or wherever she may be found.

## IV. JURISDICTION and VENUE

4.1    This Court has jurisdiction in this cause since the damages to Plaintiff Helmadollar are within the jurisdictional limits of this Court.

4.2    All or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Montgomery County.

4.3    All conditions precedent have occurred.

4.4    Nothing Plaintiff Helmadollar did, caused or contributed to this occurrence.

## V. FACTS

5.1    On or about March 24, 2015, Plaintiff Helmadollar was traveling north on Fostoria Rd., in Montgomery County, Texas. Defendant Salazar was traveling east on SH 105 disregarded a red light striking Plaintiff's vehicle. Defendant Salazar was operating a tractor/trailer in the course and scope of her employment with Defendant JNJ Express under its

2

operating authority and under DOT No. 655796. The collision occurred with tremendous force, proximately causing Plaintiff Helmadollar to suffer severe, excruciating, and painful personal injuries.

### VI. NEGLIGENCE OF DEFENDANT JNJ EXPRESS

6.1     Defendant JNJ Express was the owner or lessee of the vehicle that was being operated by Defendant Salazar. At all times material to this lawsuit, Defendant Salazar was an employee of Defendant JNJ Express and was acting within the course and scope of her employment with Defendant JNJ Express. Consequently, Defendant JNJ Express is vicariously liable to Plaintiff Helmadollar for the negligent conduct of Defendant Salazar, under the theory of *respondeat superior*.

6.2     The independent conduct of Defendant JNJ Express constitutes negligence as that term is known in law. Such negligent acts or omission include, but are not limited to the following:

    a.  allowing Defendant Salazar to operate its vehicle even though it knew or should have known she was a reckless or incompetent driver;

    b.  entrusting a vehicle to Defendant Salazar even though it knew or should have known she was a reckless or incompetent driver;

    c.  failing to properly train Defendant Salazar in the safe operation of a motor vehicle;

    d.  retaining Defendant Salazar after it knew or should have known that she was a reckless or incompetent driver;

    e.  failing to properly maintain the vehicle in a safe operational condition;

    f.  failing to maintain the vehicle to the minimal standard of safety;

    g.  failing to establish and enforce safety rules and regulations;

    h.  failing to properly educate, instruct, and supervise the performance of Defendant Salazar's duties;

3

      i.      failing to provide proper safety manuals and instructions to employees responsible for safety;

      j.      failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment;

      k.      failing to comply with the Federal Motor Carrier Safety Administration's Rules and Regulations, and/or

      l.      other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant JNJ Express constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff Helmadollar's injuries and damages.

6.3    Plaintiff Helmadollar would show this Court that the harm Plaintiff Helmadollar suffered is the type of harm which the above-referenced statutes are intended to prevent. Plaintiff Hlemadollar would also show this Court that Plaintiff Helmadollar was a member of the class of persons in which the above-referenced statutes was enacted to protect. Such violations amount to *negligence per se* and is the proximate cause of the occurrence in question.

## VII. NEGLIGENCE OF DEFENDANT SALAZAR

7.1    The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Salazar. The conduct of Defendant Salazar constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff Salazar made the basis of this suit. Defendant Salazar's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

      a.      failing to control the speed of her vehicle;

      b.      failing to control the operation of her vehicle;

      c.      failing to avoid the incident in question;

      d.      failing to keep a proper look out;

      e.      failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

      f.      failing to stop and not enter an intersection until an indication to proceed is displayed in violation of Texas Transportation Code §544.007

      g.      failing to operate her vehicle in a safe manner;

      h.      failing to operate her vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

      i.      other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant Salazar constituted negligence and negligence per se and such negligence was a proximate cause of the occurrence of Plaintiff Helmadollar's injuries and damages.

    7.2    Plaintiff Helmadollar would show this Court that the harm Plaintiff Helmadollar suffered is the type of harm which the above statute is intended to prevent. Plaintiff Helmadollar would also show this Court that Plaintiff Helmadollar was a member of the class of persons in which the statute was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## VIII. DAMAGES

    8.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, JNJ Express and Salazar, Plaintiff Helmadollar sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

    8.2    Plaintiff Helmadollar respectfully requests that the trier of fact determine the amount of his damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

5

    a.    past and future physical pain and suffering and mental anguish;

    b.    past and future disfigurement;

    c.    past and future physical impairment;

    d.    past and future medical care expenses;

    e.    past and future loss of earning capacity, and

    f.    past and future out-of-pocket economic losses.

8.3    Because of all of the above and foregoing, Plaintiff Helmadollar has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff Helmadollar now brings suit.

8.4    Plaintiff Helmadollar seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## IX.  JURY DEMAND

9.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Helmadollar respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## X.  REQUESTS FOR DISCLOSURE

10.1    Pursuant to Rule 194, request is made that Defendants, JNJ Express and Salazar disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendants, JNJ Express and Salazar, must serve a written response to this Requests for Disclosure on Plaintiff Helmadollar within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

6

## XI. CERTIFICATE OF WRITTEN DISCOVERY

11.1 Plaintiff Jackson has served contemporaneously with this petition Requests for Disclosure to Defendants, JNJ Express and Salazar.

## XII. RULE 193.7 NOTICE

12.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Helmadollar hereby gives actual notice to Defendants, JNJ Express and Salazar that any and all documents produced may be used against Defendants, JNJ Express and Salazar, producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Helmadollar prays that Defendants, JNJ Express and Salazar, be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff Helmadollar recovers damages in accordance with the evidence, that Plaintiff Helmadollar recovers costs of court herein expended, that Plaintiff Helmadollar recovers interest to which Plaintiff Helmadollar is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff Helmadollar may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*[signature]*

**FRANK W. ROBERTSON**
State Bar No. 24033129
fobertson@jimadler.com
**MICHAEL GOMEZ**
State Bar No. 24029578
mgomez@jimadler.com
Bank of America
12605 East Freeway, Suite 400
Houston, Texas 77015
Telephone:   (713) 335-1021
Facsimile:   (713) 335-1018
**ATTORNEYS FOR PLAINTIFF**

Received and E-Filed for Record
8/26/2015 8:33:02 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

RECEIVED
AUG 17 2015
@ 1:30 PM

# CITATION

Cause Number: 15-08-07959

Clerk of the Court
Barbara Gladden Adamick
P.O Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Frank W. Robertson
12605 E FWY, Ste 400
Houston TX 77015

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: JNJ Express Inc
Tryon A. Lewis, Texas Transportation Commission
125 W. 11th St.
Austin, Tx 78701-2483

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and 193.7 Notice at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and 193.7 Notice was filed in said court on this the 4th day of August, 2015 numbered 15-08-07959 on the docket of said court, and styled, Kelly Helmadollar VS. JNJ Express, Inc., Debra Salazar

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and 193.7 Notice accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 7th day of August, 2015.

(SEAL)
AFFIDAVIT ATTACHED

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____
Signed: 8/7/2015 04:43 PM
Patsy Fletcher, Deputy

**EXHIBIT A-2**

## OFFICER'S RETURN

Cause No. 15-08-07959                    Court No: 410th Judicial District C

Style: Kelly Helmadollar VS. JNJ Express, Inc., Debra Salazar
To: JNJ Express, Inc.
Address: Tryon A. Lewis, Texas Transporation Commission
         125 E. 11th St.
         Austin, Tx 78701-2483

Came to hand the 17th day of August, 2015, at 1:30 PM o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and 193.7 Notice, at the following times and places, to wit:

Name            Date/Time            Place, Course and distance from Courthouse
_____

Manner of service: _____AFFIDAVIT ATTACHED_____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy       $_____
TOTAL                           $_____

                                              _____OFFICER
                                              _____County, Texas
                                              By: _____, Deputy

                              AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____ my date of birth is __/__/____, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____, on the ___ day of _____, 20___.

                                              _____
                                              Declarant/Authorized Process Server

                                              _____
                                              ID# & Exp. Of Certification

## RETURN OF SERVICE

Cause No. 15-08-07959

In The 410th Judicial District of
Montgomery County, Texas

KELLY HELMADOLLAR
    Plaintiff

V.

JNJ EXPRESS, INC., et al
    Defendant

Came to hand on August 17, 2015, at 01:30 PM.

Executed at 125 E. 11th St., 6th Floor, Austin, TX 78701, within the County of Travis at 2:55 PM on August 17, 2015, by delivering to the within named:

### JNJ EXPRESS INC.,

**by delivering to the Chair of the Texas Transportation Commission, by and through the Texas Department of Transportation's Office of General Counsel, by delivering to its designated agent, KATHERINE DULANY, a true copy of this Citation together with Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and Rule 193.7 Notice, having first endorsed upon such copy of such process the date of delivery, and tendering the $25 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

By: _____
Thomas R. Kroll SCH-3012,
Exp: 8/31/2016

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS     §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Thomas R. Kroll, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this August 17, 2015.

NOTARY PUBLIC, STATE OF TEXAS

15-016335/Helmadollar

# REGISTER OF ACTIONS
### CASE NO. 15-08-07959

| | | | |
|---|---|---|---|
| Kelly Helmadollar VS. JNJ Express, Inc., Debra Salazar | § § § § § | Case Type:<br>Date Filed:<br>Location: | Inj/Damage-Motor Vehicle >$200,000<br>08/04/2015<br>410th Judicial District Court |

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **JNJ Express, Inc.** | |
| **Defendant** | **Salazar, Debra** | |
| **Plaintiff** | **Helmadollar, Kelly** | Frank W. Robertson<br>*Retained*<br>713-335-1021(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/04/2015 | **Original Petition (OCA)** | | |
| 08/04/2015 | **E-Filed Original Petition Document** | | |
| 08/04/2015 | **Civil Case Information Sheet** | | |
| 08/04/2015 | **Request For Service** | | |
| 08/04/2015 | **Jury Trial Requested** | | |
| 08/04/2015 | **Jury Fee Paid** | | |
| 08/07/2015 | **Citation** | | |
| | JNJ Express, Inc. | Served | 08/17/2015 |
| | | Returned | 08/26/2015 |
| 08/07/2015 | **Citation** | | |
| | Salazar, Debra | Unserved | |
| 08/26/2015 | **Return of Citation** | | |

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Helmadollar, Kelly | | |
| Total Financial Assessment | | 343.00 |
| Total Payments and Credits | | 343.00 |
| **Balance Due as of 09/04/2015** | | **0.00** |
| 08/05/2015 | Transaction Assessment | 343.00 |
| 08/05/2015 | E-File Electronic Payment   Receipt # 2015-52289   Helmadollar, Kelly | (343.00) |

**EXHIBIT A-3**

Montgomery County - 410th Judicial District Court
Case 4:15-cv-02561 Document 1-1 Filed on 09/04/15 in TXSD Page 14 of 16
Received and E-Filed for Record
8/4/2015 3:51:44 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 15-08-07959   **COURT** *(FOR CLERK USE ONLY):*

**STYLED** Kelly Helmadollar vs. JNJ Express, Inc. and Debra Salazar
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Frank W. Robertson
Email: frobertson@jimadler.com
Address: 12605 East Freeway Ste 400
Telephone: 713-335-1021
City/State/Zip: Houston, TX 77015
Fax: 713-335-1018
Signature: [signed]
State Bar No: 24033129

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Kelly Helmadollar

Defendant(s)/Respondent(s): JNJ Express, Inc.
Debra Salazar

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil |  |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**EXHIBIT A-4**

2/13

BARBARA GLADDEN ADAMICK
MONTGOMERY COUNTY DISTRICT CLERK
P.O. BOX 2985
CONROE, TX 77305

## CASE INFORMATION FILING SHEET
## CIVIL AND FAMILY

*A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filing or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.*

1.  Select type of action:  **C**

    | | | |
    |---|---|---|
    | **F =** | Family | |
    | **D =** | Divorce | |
    | **C1 =** | Case **under** $200,000.00........................ | Effective Jan. 01, 2012 |
    | **C2 =** | Case **under** $200,000.00 with an injunction, foreclosure of lien on real property, trespass to try title or return of property. This case **MUST** be filed as C2. | Effective Jan. 01, 2012 |
    | **C3 =** | Case **under** $100,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. | **Effective Mar. 01, 2013** |
    | **C =** | Case **over** $200,000.00............................ | Effective Jan. 01, 2012 |

2.  Has case ever had a previous filing in Montgomery County? **No**

3.  Does any Court have continuing jurisdiction of this case? **No**

4.  If yes, Court of continuing jurisdiction: _____

5.  Cause number of previous case retaining jurisdiction: _____

6.  Level of Discovery (see TRCP 190) *please circle one*:

    Level 1    (**Level 2**)    Level 3

7.  **MANDATORY - CIVIL CASE INFORMATION SHEET MUST** be completed & filed with your new suit. This fill-in form is available at http://www.txcourts.gov/oca/required.asp (per the Texas Judicial Council and Office of Court Administration Rules of Civil Procedure 78.A).

Revised & Effective 03.01.13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY HELMADOLLAR | § | |
| | § | C. A. No. 15-2561 |
| vs. | § | |
| | § | |
| JNJ EXPRESS, INC. AND | § | JURY DEMANDED |
| DEBRA SALAZAR | § | |

## LIST OF COUNSEL AND REPRESENTED PARTIES

1. Plaintiff, Kelly Helmadollar
   Represented by:
   Frank W. Robertson
   State Bar No.: 24033129
   Michael Gomez
   State Bar No.: 24029578
   Jim S. Adler & Associates
   12605 East Freeway, Suite 400
   Houston, Texas 77015
   Telephone:   713-335-1021
   Facsimile:   713-335-1018
   email:  frobertson@jimadler.com
            mgomez@jinadler.com

2. Defendants, JNJ Express, Inc. and Debra Salazar
   Represented by:
   Owen H. Ellington
   State Bar No. 06534001
   Fed ID No. 9926
   77 Sugar Creek Center Blvd., Suite 325
   Sugar Land, Texas  77478
   Tel:  (832) 500-4635
   Fax:  (832) 999-4016
   E-mail: oellington@ellingtonlaw.com



EXHIBIT A-5